19603

Joyce EPTING, Respondent, v. Trudy Allen Jones BELL, as
Administratrix of the Estate of Roy Ellison Jones, Appellant

(195 S. E. (2d) 608)

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant.*

*Messrs. Watson & Ayers,* of Greenwood, *for Respondent.*

March 29, 1973.

*Per Curiam:*

This action for personal injuries growing out of an automobile collision, was tried before the Honorable Francis B. Nicholson, Resident Judge of the Eighth Judicial Circuit. The jury returned a verdict for the defendant. Thereafter, counsel for the plantiff moved for a new trial on the ground that the verdict of the jury was contrary to the fair preponderance of the evidence. Judge Nicholson granted the motion, stating in his order:

"This Court is of the opinion that in view of the facts adduced at the trial, the verdict of the jury is contrary to the fair preponderance of the evidence and that a new trial should be ordered."

The language of this Court in the case of *Adams v. Duffie,* 244 S. C. 365, 137 S. E. (2d) 276 (1964), is equally applicable here.

"It is clear that the order granting a new trial was based upon a consideration of the evidence and a conclusion therefrom by the trial judge, contrary to that of the jury. It is well settled in this state that the trial judge has the authority and responsibility to grant a new trial when, in his judgment, the verdict of the jury is contrary to the fair preponderance of the evidence and that an order granting a new trial on such ground is not appealable. *Lee v. Kirby,* 243 S. C. 185, 133 S. E. (2d) 127; *Mack v. Frito-Lay et al.,* 243 S. C. 376, 133 S. E. (2d) 833."

Appeal dismissed.